UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

SPINEOLOGY, INC.
a Minnesota corporation,

Plaintiff,

vs.

WRIGHT MEDICAL TECHNOLOGY, INC.,
a Delaware corporation,

Defendant.

_____

Court File No. _____

**COMPLAINT**

Plaintiff Spineoloy, Inc., for its Complaint against Defendant Wright Medical Technology, Inc., states and alleges as follows:

### PARTIES

1. Plaintiff Spineology, Inc. (hereinafter referred to as "Spineology"), is a Minnesota corporation with its principal place of business at 7800 3rd Street N, Suite 600, St. Paul, MN 55128.

2. Upon information and belief, Defendant Wright Medical Technology, Inc., (hereinafter referred to as "Defendant") is a Delaware corporation with a principal place of business located at 1023 Cherry Road, Memphis, TN 38117.

### JURISDICTION AND VENUE

3. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. § 1 et seq.).

4. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). Defendant is subject to personal jurisdiction, does business, has committed acts of infringement in this district, and has placed its infringing products and services into the stream of commerce throughout the United States with the expectation that they will be used by consumers in this judicial district.

5. Defendant is subject to personal jurisdiction in Minnesota, and is doing business in this judicial district.

## COUNT I
## PATENT INFRINGEMENT BY DEFENDANT

6. Spineology restates, re-alleges, and incorporates by reference the allegations set forth in paragraphs 1 through 5.

7. On September 27, 2011, United States Patent No. RE42,757 (hereinafter "the '757 Patent") entitled "EXPANDABLE REAMER" issued. A true and correct copy of the '757 Patent is attached hereto and made a part hereof as Exhibit A.

8. Spineology, as assignee, duly owns the '757 Patent, and has standing to bring legal action to enforce all rights arising under the '757 Patent.

9. Upon information and belief, Defendant has made, used, sold, offered for sale, imported, and/or exported its X-REAM® percutaneous expandable reamer in Minnesota and elsewhere in the United States.

10. Defendant's X-REAM® percutaneous expandable reamer products directly infringe, contributorily infringe, and induce the infringement of one or more of the

claims of the '757 Patent, in violation of 35 U.S.C. § 271, and all causes of action thereunder, to the damage and injury of Spineology.

11.   As a result of Defendant's infringement of the claims of the '757 Patent, Defendant has made and will continue to make unlawful gains and profits. Further, Spineology has been and will continue to be irreparably damaged and deprived of its rights secured by the '757 Patent due to the unlawful infringement by Defendant.

12.   Spineology has been and will continue to be deprived of revenue, profit, and gain that they would otherwise have generated but for Defendant's infringement, and Defendant has caused and will continue to cause losses and damages in amounts that cannot be determined with specificity except by an accounting, as well as irreparable losses and damages.

14.   Spineology is entitled to preliminary and permanent injunctive relief, enjoining Defendant from further and continuing infringement of the claims of the '757 Patent.

## COUNT II
### WILLFUL INFRINGEMENT BY DEFENDANT

15.   Spineology restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 14.

16.   In October 2006, Spineology sold Defendant fifty of Spineology's expandable reamers solely for Defendant's use in procedures for core decompression of

3

the femoral head in avascular necrosis. No license to the '757 patent was conveyed to Defendant in that sale.

17. Spineology sent a letter dated March 4, 2014 to Robert J. Palmisano, President and CEO of Defendant, informing Defendant that sales of the X-REAM device infringe Spineology's '757 Patent. A copy of the '757 Patent was attached to this March 4, 2014 letter.

18. Defendant, through its legal counsel at DuaneMorris, sent a letter dated March 10, 2014 to Spineology informing Spineology that Defendant is considering the patent infringement allegations noted in Spineology's March 4, 2014 letter. Defendant provided no defenses to Spineology's infringement allegations in the March 10, 2014 letter.

19. On April 9, 2014, Wendy Cusick from Spineology, inquired by email to Samuel W. Apicelli, an attorney at DuaneMorris and legal counsel for Defendant, as the status of Defendant's review of Spineology's infringement allegations. Defendant provided no defenses to Spineology's infringement allegations as of April 9, 2014.

20. On April 10, 2014, Samuel W. Apicelli responded via email to Wendy Cusick's April 9, 2014 email by explaining that he hoped to respond in the next few weeks.

21. Since April 10, 2014, Wendy Cusick and Samuel W. Apicelli have exchanged phone calls. However, Defendant did not provide any defenses to Spineology's during these calls.

22. Defendant has never articulated a defense to Spineology for Defendant's infringement of the '757 Patent.

23. Defendant knew or should have known that its actions would constitute patent infringement at least as early as March 4, 2014 when placed on notice of infringement by Spineology.

24. Despite receiving Spineology's notice that Defendant's X-REAM product infringes the '757 Patent, Defendant failed to take any steps to change its X-REAM product so that it would not infringe the '757 Patent.

25. Defendant has not informed Spineology of any specific grounds for a belief that the claims of the '757 Patent were not infringed, were invalid, unenforceable; nor did Defendant provide any other specific reason why it would not be liable for infringement.

26. Defendant chose to continue making, using and selling the X-REAM product despite the objectively high likelihood that its actions would constitute infringement of the '757 Patent.

27. The acts of infringement by Defendant are willful, intentional, and in conscious disregard of Spineology's rights in the '757 Patent.

## JURY DEMAND

28. Pursuant to FED. R. CIV. P. 38(b), Spineology requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Spineology prays for relief as follows:

A. A judgment that Defendant has directly infringed, induced infringement, and/or contributed to the infringement of Spineology's rights under the '757 Patent;

B. A judgment preliminarily and permanently enjoining and restraining Defendant and its subsidiaries, parents, officers, directors, agents, servants, employees, agents, affiliates, attorneys, and all other persons in active concert or participation with Defendant from directly infringing, inducing infringement, and/or contributing to the infringement of the '757 Patent;

C. A judgment that Defendant's various acts of infringement have been in willful, knowing, and deliberate disregard of Spineology's patent rights and requiring Defendant to pay damages under 35 U.S.C. § 284, trebled for willful infringement, with interest;

D. A judgment awarding Spineology damages, including lost profits, adequate to compensate for Defendant's infringement, but not less than a reasonable royalty, resulting from Defendant's various acts of infringement;

E. A judgment award to Spineology of pre-judgment and post-judgment interest on Spineology's damages as allowed by law;

F.       A judgment awarding damages to Spineology for its costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest, including a finding of an exceptional case, pursuant to 35 U.S.C. § 285, and otherwise according to law; and

G.      Such other relief as the Court may deem just, equitable, and proper.

**SKAAR ULBRICH MACARI, P.A.**

Dated: September 23, 2014

By: /s/ Randall T. Skaar
Randall T. Skaar (#165013)
Scott Ulbrich (#305947)
601 Carlson Parkway, Suite 1050
Minnetonka, MN 55305
Telephone: (612) 216-1700
Facsimile: (612) 234-4465
skaar@sumiplaw.com
Ulbrich@sumiplaw.com

**ATTORNEYS FOR SPINEOLOGY, INC.**